IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME ORTIZ, | ) |
|     Plaintiff | ) ) ) |
| vs. | ) Case No. ) ) |
| WK ENTERPRISES, INC., d/b/a AURORA SIGN CO. | ) ) **JURY TRIAL DEMANDED** ) |
|     Defendant | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, JAIME ORTIZ ("Plaintiff" or "Jaime"), by his attorneys, THE FISH LAW FIRM, P.C. and for his complaint against the Defendant, WK ENTERPRISES, Inc., d/b/a AURORA SIGN COMPANY ("Defendant" or "ASC"), states as follows:

## NATURE OF ACTION

1. Plaintiff Jaime Ortiz was hired in 2013 by ASC as a Painter. Plaintiff worked for ASC for almost 7 years and received praise and several raises throughout his employment. Around 2017, Plaintiff was injured at work and, as a result, developed a hernia and ultimately, in July 2020, he required surgery. When Plaintiff returned to work after his surgery, he was immediately terminated. Plaintiff brings this action under the Illinois common law covering retaliatory discharge, seeking redress for ASC interfering with Plaintiff's right to workers' compensation and ultimately terminating as a result of his injury. Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29

U.S.C. § 2601, *et seq.* ("FFCRA"), for ASC's failure to provide paid sick time to Plaintiff under the FFCRA when he tested positive for COVID-19 and was instructed to quarantine.

## PARTIES

2. Plaintiff is an individual residing within the jurisdictional boundaries of this Court.

3. Defendant is a corporation doing business in the State of Illinois and is either registered or incorporated under the laws of the State of Illinois.

## JURISDICTION & VENUE

4. This Cause of Action is brought by Plaintiff who is seeking redress for violations of rights guaranteed to him by 29 U.S.C. § 2601, *et. seq.* Plaintiff seeks declaratory judgment, monetary damages, and a reasonable attorney's fee and costs.

5. The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. § 1331 because this suit raises federal questions under the FFCRA.

6. This Court also has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1291(b) because Defendant resides in this District and all of the alleged unlawful employment practices giving rise to this Complaint occurred within this District.

## FACTS COMMON TO ALL COUNTS

8. In 2013, Jaime was hired by ASC as a painter.

9. On or around 2017, Jaime was injured while performing his assigned work duties.

10. Jaime reported his injury to Human Resources who in turn informed him that he had to use his own insurance and was not authorized to see the Defendant's doctor.

11. Due to his work injury, Jaime began experiencing a lot of pain, so on July 1, 2020, he went to see his doctor and was diagnosed with an inguinal hernia and was given restrictions.

12. Jaime notified ASC about his medical condition and restrictions.

13. ASC refused to accommodate Jaime.

14. In July 2020, Jaime was scheduled to have surgery to repair the hernia.

15. Since the hernia was due to his work injury, Jaime asked ASC to cover his medical costs for his procedure, but ASC did not approve his workers' compensation claim.

16. To prepare for his surgery, Jaime had to take a COVID-19 test. The test came back positive for COVID-19, so he had to reschedule his surgery.

17. Jaime was advised to quarantine for two weeks.

18. Jaime notified ASC about his results and that his surgery was postponed.

19. ASC did not provide Jaime with paid leave for the time that he was in quarantine due to COVID-19 and instead made him use his vacation time.

20. After recovering from COVID-19, Jaime had his surgery around August 27, 2020, and was out of work until he recovered.

21. After fully recovering from the surgery, on September 28, 2020, Jaime returned to work without restrictions. He was able to perform the essential functions of his job.

22. After Jaime returned to work, he was singled out by the Defendant and experienced a hostile work environment.

23. After Plaintiff returned to work, ASC's demeanor towards him changed.

24. For example, the Defendant's owner abruptly shouted obscenities to Jaime for no reason.

25. Days after returning back to work, Jaime was terminated.

26. Jaime's performance played no role in Defendant's decision to terminate him; he was fired because of his workplace injury and the delay from returning associated with his COVID-19 exposure that delayed his surgery.

27. Prior to his termination, Jaime had never received any discipline or write-ups.

28. Jaime was unlawfully and retaliatory terminated by ASC.

29. On March 12, 2021, five months after Jaime was terminated, and after he hired an attorney, Defendant paid him solely for 80 hours of paid sick leave.

## COUNT I
## RETALIATORY DISCHARGE

30. Plaintiff re-pleads and re-alleges Paragraphs 1 through 29 as if fully plead herein.

31. The Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. 305/4(h) ("IWCA") prohibits an employer to terminate an employee in retaliation for exercising a right guaranteed by this Act.

32. Defendant's termination of Plaintiff for Plaintiff requesting and seeking medical attention after his workplace injury, and in anticipation of Plaintiff's workers' compensation claim was retaliatory and in violation of the mandated public policy of the state of Illinois and the IWCA.

33. Defendant interfered with Plaintiff's right to workers' compensation and ultimately terminated him, *inter alia,* as a result of his anticipated workers compensation claim associated with him injury.

34. As an injured employee, Plaintiff had a right to seek medical care and a claim under the IWCA without termination. Terminating an employee under such circumstances violates the IWCA.

35. As a direct and proximate cause of Plaintiff's injury and associated exercise of his rights under the IWCA, he was terminated by ASC.

36. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm, including, but without limitation, lost income, lost benefits, emotional distress, and damage to his reputation.

WHEREFORE, Plaintiff prays for judgment regarding all of him claims as follows:

a. Equitable and prospective declaratory and injunctive relief;
b. Compensatory damages allowed by law;
c. Exemplary or punitive damages allowable by law;
d. Pre- and post-judgment interest, costs, attorneys' fees; and
e. Any other relief to which Plaintiff may be entitled under the applicable federal and state laws, and such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF FAMILES FIRST CORONAVIRUS FIRST RESPONSE ACT

37. Plaintiff re-pleads and re-alleges Paragraphs 1 through 36 as if fully plead herein.

38. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, *et seq*.

39. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FFCRA, 29 U.S.C. § 5101(2).

40. At all relevant times, Plaintiff was an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5101(1).

41. The FFCRA provides that "covered employers must provide to all employees two weeks (up to 80 hours) of paid sick leave at the employee's regular rate of pay where the employee is unable to work because the employee is quarantined and/or experiencing COVID-19 symptoms and seeking a medical diagnosis."

42. Under the FFCRA, any employer who fails to provide paid sick leave shall be considered to have failed to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act ("FLSA") subject to the penalties in Sections 216 and 217 of the Act.

43. Prior to Plaintiff's termination, Defendant did not provide him with paid leave as directed under the FFCRA, despite Plaintiff's entitlement thereto.

44. Defendant provided Defendant with an insufficient sick leave payment five months after terminating him, and after he had retained counsel. This delayed payment was therefore untimely under the FFCRA and the FLSA.

45. Defendant also violated the FFCRA by, *inter alia,* discharging Plaintiff from his position based upon his positive COVID-19 diagnosis and orders from his doctor to quarantine, forcing him to postpone his surgery and delaying him from returning from work.

46. Plaintiff's need for additional time off work, due to concerns related to COVID-19 expressed by his doctor arising out of his workplace injury, was, *inter alia,* the cause of termination.

47. Under the FFCRA, the Defendant was prohibited from terminating Plaintiff for his doctor-ordered quarantine due to COVID-19.

48. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a result, Plaintiff has been damaged.

49. Defendant willfully and intentionally retaliated against Plaintiff by terminating him.

50. Defendant knew or should have known that its practices violated the FFCRA.

51. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

52. WHEREFORE, Plaintiff requests all relief available at law and equity, including:

a. Lost benefits;
b. Liquidated damages;
c. Attorney fees and costs;
d. Interest; and
e. Any other relief identified in 29 U.S.C. § 216(b) and injunctive relief pursuant to *Id.* § 217.

Dated: May 28, 2021                                    Respectfully submitted,

                                                  THE FISH LAW FIRM, P.C.

                                                  By:***/s/ Thalia Pacheco*_____**
                                                       Thalia Pacheco

                                                **TRIAL BY JURY DEMANDED**

David Fish
Kimberly Hilton
Thalia Pacheco
The Fish Law Firm, P.C.
Attorneys for Plaintiff
200 E. 5th Ave, Suite 123
Naperville, IL 60563
Telephone 630-355-7590
Facsimile 630-778-0400
Dfish@fishlawfirm.com
khilton@fishlawfirm.com
TPacheco@fishlawfirm.com
Docketing@fishlawfirm.com